**Bruce Berline, Esq.**
**Law Office of Bruce Berline**
Macaranas Building, Second Floor
P.O. Box 5682 CHRB
Garapan, Saipan, MP 96950
Telephone: (670) 233-3663
Facsimile: (670) 233-5262

Attorney for Lawrence Kalen

## UNITED STATES DISTRICT COURT

### FOR

### THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KALEN, GREGGORY SABLAN, KALEN, LAWRENCE, and SABLAN, MANUEL ALDAN,<br><br>    Defendants. | CRIMINAL CASE NO. 08-00014<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LAWRENCE KALEN'S MOTION TO COMPEL GOVERNMENT TO DISCLOSE IDENTITY OF CONFIDENTIAL INFORMANT AND TO COMPEL DISCOVERY<br><br>Time: 9:00 a.m.<br>Date: June 5, 2008<br>Judge: Munson |

### MEMORANDUM OF POINTS AND AUTHORITIES

### FACTS[1]

Defendant Lawrence Kalen ("Defendant") is charged with one count of Conspiracy to Distribute D-Methamphetamine Hydrochloride ("Ice"), in violation of Title 21, United States Code, §§ 846 and 841(a)(1), and two counts of Distribution and Possession with Intent to Distribute Ice D-Methamphetamine Hydrochloride, in violation of Title 21, United States Code, § 841(a)(1).

In this case, according to the Government's discovery provided to the Defendant, the Government allegedly used a confidential informant ("CI") to set up the Defendant and persuade him to obtain Ice for the informant. The Government provided the CI with the money to allegedly buy drugs

---

[1] All facts are alleged and obtained from the discovery provided to the Defendant by the Government.

from Defendant. The CI allegedly arranged the drug buy with the Defendant, conversed with him at least four times and met him to purchase narcotics. Accordingly, the Government's use of an informant may have provided a basis for an entrapment defense.

Trial is presently set for June 30, 2008, before this Court. Defendant is asking the Court to compel the Government to disclose the identity and location of the CI and produce all relevant discovery pertinent to the CI in order to ensure that the Defendant has this essential information that is relevant and helpful to his defense and in order to ensure a fair trial.

### I. DEFENDANT IS ENTITLED TO DISCOVER THE CONFIDENTIAL INFORMANT'S IDENTITY.

Fundamental fairness and Defendant's Sixth Amendment right to confront witnesses requires disclosure of both the identity and benefits accorded to the confidential informant in this case.

#### A. Standard for Disclosure

The Government has a limited privilege to refuse the disclosure of a CI's identity. *Roviaro v. United States*, 353 U.S. 53, 59-60, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). However, the privilege is lost and the Government must reveal a CI's identity under the following two situations relevant to this matter: (1) "once the identity of the informer has been disclosed to those who would have cause to resent the communication," and, (2) whenever it "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause...." *Id.* at 60-61.

##### 1. *The Government's Privilege is Inapplicable because the CI's Name is Revealed in the Discovery.*

The Government provided discovery to all three defendants in this matter. Part of the discovery contained a transcript of an alleged December 13, 2007 telephone conversation between the CI and the Defendant along with another transcript allegedly detailing the contents of a December 1, 2007 conversation between defendant Manuel Sablan and the CI. Both transcripts contain a passage where the CI identifies himself by providing his name to the people on the phone. This information was not redacted, although other information throughout the Government's discovery has been blacked out. Accordingly, if the name contained in the transcripts is the CI's real name, then the Government's limited privilege is lost and the Government must provide all discovery on the CI and his involvement in this matter. *Id.*

If the name contained in the transcripts is fictitious, the Government must still be compelled to reveal the CI's true identity because the CI was a percipient witness in this matter and the CI's identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a

cause...."*Id.* at 60-61; *See also United States v. Ramirez-Rangel*, 103 F.3d 1501, 1505 (9th Cir. 1997) (overruled on other grounds by *Watson v. United States*, ___ U.S. ___, 128 S.Ct. 579, 169 L.Ed.2d 472(2007)).

   2.   *The Government Must Be Compelled to Disclose the CI's Identity Because the Information Will Prove Relevant and Helpful to the Accused's Defense and Is Essential for a Fair Trial.*

The United States Supreme Court, in *Roviaro v. United States*, 353 U.S. at 60-61, held that an informant's identity must be revealed whenever it "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause...." In *Roviaro*, the trial court did not require the Government to disclose the identity of an informant. The Supreme Court held that by refusing to order disclosure, the trial court committed prejudicial error because the CI's "possible testimony was highly relevant and might have been helpful to the defense." *Id* at 63-64. The Supreme Court focused on the facts that the CI had helped set up the crime, was directly and prominently involved in the crime, and the CI's testimony may have aided the defendant in asserting a defense. *Id.* at 64.

The Supreme Court explained that the key to ruling on the necessity of disclosure is the balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. The *Roviaro* Court stated that a proper analysis of these interests depends "on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause, the privilege *must give way*." *Id.* at 60-61 (emphasis added).

In applying the *Roviaro* factors implemented in balancing the Defendant's rights against the public's rights, the Ninth Circuit adopted a three factor test from the Eleventh Circuit. *United States v. Gonzalo Beltran*, 915 F.2d 487, 489 (9th Cir. 1990). A trial court should examine "(1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the Government's interest in nondisclosure." when balancing the countervailing rights. *Id.* at 489; *See also, United States v. Sai Keung Wong*, 886 F.2d 252, 255-256 (9th Cir. 1989). The following analysis makes it clear that the privilege the Government is asserting "must give way" to the Defendant's need for the information and his right to a fair trial.

      a.    *The CI's Extremely High Degree of Involvement in the Criminal Activity Warrants Disclosure.*

The case that is set forth by the Government's discovery is an arranged purchase of Ice using a confidential informant. In this matter, the CI was not a mere informant whose only role was providing information to the police – akin to a person calling a crime prevention hotline. Here, the CI was an active participant playing a direct and integral role in the alleged criminal activity. The Government allegedly provided CI with funds to buy drugs and thereafter allegedly met with the defendants and purchased Ice. Thus the CI has crucial, personal knowledge of conversations – consisting of what was said, how it was said, and what was not said – that allegedly occurred between himself and the three defendants. Moreover, of equal importance is who the CI is. What was the CI's motivation for working with the Government? What was the CI's interest in this matter? Is the CI a drug addict? Does he know the defendants? These questions, as well as others, represent highly material and relevant issues present in this case because the Government chose to use an informant to directly participate in the alleged criminal activity.

The fact that the CI was a participating witness and not merely a tipster weighs heavily towards disclosure. The Ninth Circuit has noted "the distinction that our decisions have drawn between those situations wherein an informant's role was merely peripheral, and, in contrast, those situations wherein the informant actually witnessed the crime, or, as here, even helped instigate the criminal transaction." *United States v. Hernandez*, 608 F.2d 741, 744 (9th Cir.1979)(citations omitted). In cases where the informant was a mere "tipster," a court may properly refuse to order disclosure. *United States v. Gil*, 58 F.3d 1414, 1421 (9th Cir. 1995). However, when the CI is a percipient witness, access to the informant is crucial. *Williams v. United States*, 273 F.2d 781, 796 (9th Cir. 1960); *see also Hernandez*, 608 F.2d at 744-745,(dictum)(if an informant participated in events that were critical to the prosecution's case then no claim can be raised under *Roviaro v. United States*, 353 U.S. 53, that such identity can be lawfully withheld). Accordingly, the CI's involvement is thoroughly and inextricably intertwined with the entire criminal activity alleged in this matter and this element alone requires disclosure of the identity of the CI.

      b.    *The CI's Testimony Is Likely To Aid The Defendant In The Assertion of An Entrapment Defense And Thus Warrants Disclosure.*

Whenever a CI is used in a this type of investigation, entrapment is always an issue warranting great consideration. *Velarde-Villarreal v. United States*, 354 F.2d 9, 13 (9th Cir. 1965). The Ninth Circuit, in *Velarde-Villarreal*, explained the risks involved with the Government's use of informants:

> The practice of the Government in employing agent-informers in narcotics cases is well known. We also know that such agents are usually not trained officers— often they are themselves addicts or former addicts. The Government must know that an eager informer is exposed to temptations to produce as many accuseds as possible at the risk of trapping not merely an unwary criminal but sometimes an unwary innocent as well. One could hardly expect such informants always to stay on the proper side of the line which separates those two cases. And since the Government chooses to utilize such agents, with the attendant risk of entrapment, it is fair to require the Government which uses this inherently dangerous procedure to take appropriate precautions to insure that no innocent man should be punished.

*Id.* at 13. Although the *Velarde-Villarreal* case dealt with the related issue of the Government's duty to produce an informant who was a material witness to a crime[2], the reasoning in the *Velarde-Villarreal* case applies equally to the case at issue. Thus, because the Government chose to use an informant as a primary participant in an alleged criminal activity and there is a likelihood of an entrapment defense, it must provide the defendant with the CI's identity.

There are two elements to the defense of entrapment: (1) Government inducement of the crime, and (2) the absence of predisposition on the part of the defendant. *United States v. Thickstun*, 110 F.3d 1394, 1396 (9th Cir. 1997). Thus, whenever the Government has induced an individual to break the law and the defense of entrapment is presented, the Government must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime prior to being approached by Government agents. *Id.*

Accordingly, the issue of the defendant's predisposition to commit the crime becomes an issue of primary importance and relevance at trial. To show predisposition, the Ninth Circuit has defined five factors which may be considered to show predisposition: "(1) the defendant's character and reputation; (2) whether the Government initially suggested the criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the Government's inducement." *Id.* The Ninth Circuit regards a defendant's reluctance to the Government's inducement as the most important factor to consider. *Id.* at 1397.

In this case, because of the possibility of an entrapment defense, the second factor – the relationship between the defendant's asserted defense and the likely testimony of the informant – is tied

---

[2] The *Velarde-Villarreal* Court specifically recognized that, when an entrapment defense is presented, the defendant has a right to testimony from the informant who is an active participant in the alleged crime. *Velarde-Villarreal*, 354 F.2d at 12.

in closely with the first factor – the degree of the CI's involvement. Here, the CI's extensive degree of involvement dictates the importance of his testimony and influences the available defenses. The CI is a material witness to the alleged crime with knowledge of crucial, material information needed to conform with the Ninth Circuit's five factor test such as the Defendant's character and reputation (including their lack of any criminal history); the nature of the Government's actions and inducement; any relevant conversations the CI had with the Government, the Defendant or any other person involved in this matter; whether the Government initially suggested the criminal activity; whether the defendant was engaged in this activity for profit; or, whether the defendant evinced reluctance. No one other than the informant is able to provide the defense and the jury with such relevant information.

    c.    *The Government's Interest In Non-Disclosure Fails to Override The Defendant's Need For Disclosure And Thus Does Not Warrant Withholding The Information.*

As for the third factor, the Government's interest in nondisclosure, the Ninth Circuit has broken this factor down into two concerns which the Government may present to the Court to avoid disclosure: (1) protecting its source of information being used to facilitate ongoing and future investigations; and, (2) the informant's safety. *See United States v. Cutler*, 806 F.2d 933, 935 (9th Cir. 1986). The Government will presumably argue that the name of the CI cannot be disclosed due to concerns for the CI's safety and for protecting its source of information. However, there is no indication whatsoever that the Defendant will harm the informant or that the informant's safety is in jeopardy. The Government has not provided any discovery showing that the Defendant has a prior criminal record, nor is there any evidence that the Defendant is violent or has violent tendencies.

The best argument that the Government can make is that it is refusing to release the identity of the CI out of an abundance of caution and to protect ongoing or future investigations. However, these governmental concerns, although valid, must give way to the Defendant's need for access to the material witness in this case.

Given the weighing of the above factors, it is apparent that the Defendant's rights to a fair trial outweighs any concern the Government might have against disclosure. The CI's identity is also essential to a fair determination of this matter as he himself holds vital, relevant information regarding the events leading to this indictment. Moreover, as a participating, material witness, the CI's testimony is relevant and helpful to the accused's potential entrapment defense. Accordingly, the Government should be ordered to disclose the informant's identity and location.

## II. AT A MINIMUM, DEFENDANT IS ENTITLED TO AN IN CAMERA HEARING BECAUSE DEFENDANT HAS SHOWN THAT DISCLOSURE IS RELEVANT TO HIS ENTRAPMENT DEFENSE.

In *United States v. Spires*, 3 F.3d 1234, 1238-1239 (9th Cir. 1993), the Court held that a denial to hold an *in camera* hearing constituted an abuse of discretion by the trial court if the defendant made a "minimal threshold showing that disclosure would be relevant to a least one defense." (Citations omitted). Here, the Defendant has shown the Court that the CI's identification may be relevant and helpful to his entrapment defense. Accordingly, if the Court is reluctant to order the Government to reveal the identity and other pertinent information to the Defendant, the Court, at a minimum should hold an *in camera* hearing on the merits of disclosure. Furthermore, counsel for defense asks this Court to be allowed to be present at such hearing if one is deemed necessary. With defense counsel present, and under an order to maintain secrecy, "an *in camera* hearing may provide many of the same benefits as disclosure itself." *Id.* at 1238 (dictum).

## III. THE GOVERNMENT SHOULD BE ORDERED TO PRODUCE ANY DISCOVERY IT POSSESSES REGARDING THIS MATERIAL WITNESS

In addition to disclosing the identities of any informants, reporting persons, or witnesses involved in this case, the defense is entitled to know of the existence of any benefits, in whatever form, that may have been provided to any such individuals as a reward or inducement to them to provide information. Such information bears directly on the question of the credibility of these individuals and is absolutely essential to the defense of this case. The Defendant is entitled to full discovery pursuant to Fed.R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), and its progeny, *United States v. Giglio*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) and Defendant hereby respectfully requests the Court to order the Government to disclose all discovery which Defendant is entitled to under the above rules and cases, including, without limitation, the following information:

(1) The names of any and all reporting persons, informants, or witnesses providing information to law enforcement regarding this case.

(2) Any and all promises of payment written or oral made to such persons as part of this or any other case in which they have provided information;

(3) All promises of any other benefit written or oral made to such persons;

(4) All promises of immunity, leniency, preferential treatment or other inducements made to such persons as part of this case or any other case in which they have provided


information;

(5) All writings or memoranda which contain any of the promises of remuneration, leniency, immunity, preferential treatment or other inducements made;

(6) Any record of payment of local, state or federal funds made to such persons;

(7) All information regarding any such person's prior testimony in this or any other proceeding in which they have acted as a witness and/or informant;

(8) All evidence of the such person's psychiatric treatment, if any, or of any addiction or propensity to use or abuse controlled substances;

(9) Any information or records concerning any actual or implied threats of investigation or prosecution (including deportation, exclusion, etc.,) made by the Government to any prospective Government witness or family member or associate of the witness, including information as to the underlying conduct precipitating such investigations; and/or,

(10) Any report, document or information which details the criminal activities of the cooperating witness which were undertaken by him in the past, be it violations of federal, state or municipal laws.

The Court's order should be understood as including a demand for production of any internal informant file kept by the Drug Enforcement Agency ("DEA"), the DEA/CNMI joint task force and/or the CNMI Government. The undersigned understands that in its course of business, the Government typically maintains an informant file on each confidential informant employed by the DEA and/or the DEA/CNMI joint task force. That file contains an assortment of information that is discoverable under *Brady* and its progeny. More specifically, that file should contain a copy of the informant's agreement to cooperate; a debriefing report or outline of the information that the informant can provide; the informant's personal and criminal history; the amounts of any money paid to him for information and expenses; and any promises regarding potential sentencing in a criminal case.

In addition to this information, the file may contain internal memoranda written by Governmental agents regarding the informant's credibility. These memoranda may discuss the informant's misconduct and may specify the basis for the informant's deactivation. Defendant requests full disclosure of the contents of the informant file maintained on the informant, as well as any informant files maintained on other cooperating individuals or confidential informants. This request for disclosure includes, but is not limited to:

(1) The DEA's Confidential Source Establishment Report, DEA Form 512;

(2) Any informant agreement outlining the type of cooperation expected from the CI;

(3) Any Informant Conduct Agreement containing the rules which the informant must follow while working for law enforcement, DEA Form 473;

(4) Any record of payments made to informants in this case, DEA Form 356; and,

(5) Any debriefing reports or statements taken from informants.

## IV. CONCLUSION.

Defendant is entitled to the disclosure of the CI's identity and to full discovery of all information to which he is rightfully entitled to under the applicable laws, rules and case as cited above. Any limited governmental privilege that would otherwise preclude the disclosure of the CI's identity has been waived and lost because the Government has apparently revealed the name of the CI in discovery provided to the Defendant. Additionally, the CI in this case was a direct and material participant in this case and thus possesses crucial, first-hand knowledge of the events regarding the alleged crimes. The CI's identity is relevant to this matter and revealing such will be helpful to the Defendant's defense. Moreover, because of the CI's intricate involvement in this case, disclosing his identity is essential to a fair determination of this case. Accordingly, the Government's qualified privilege must give way and this Court should order disclosure of the CI's identity.

Furthermore, because the Government's privilege no longer applies, and because of the CI's extensive involvement in this case, the Government should be ordered to produce any and all discovery regarding the CI pursuant to Fed.R.Crim.P. 16, *Brady v. Maryland*, *Giglio v. United States* and *Napue v. Illinois* and as requested above.

Dated this 16th day of May, 2008.

BRUCE BERLINE
Attorney for Defendant
P.O. Box 5682 CHRB
Saipan, MP 96950