F I L E D
Clerk
District Court

JUN 19 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LAWRENCE KALEN; and ) <br> MANUEL ALDAN SABLAN, ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | Criminal Case No. 08-00014 <br><br><br> **ORDER REGARDING DISCLOSURE OF REDACTED INFORMATION** |

THIS MATTER came before the Court on June 5, 2008 for hearing of several motions, including defendant Manuel Aldan Sablan's motion requesting prosecution to serve discovery responses on counsel for Mr. Manuel Sablan, which all other defendants joined. Plaintiff appeared by and through its attorney, Assistant U.S. Attorney Eric O'Malley; defendant Greggory Sablan Kalen appeared personally and by and through his attorney, F. Matthew Smith; defendant Lawrence Kalen appeared personally and by and through his attorney, Bruce Berline; and defendant Manuel Aldan Sablan appeared personally and by and through his attorney, David Banes. Most discovery issues were resolved prior to the hearing. However, the defendants' request for un-redacted versions of certain discovery material remained. Defendants requested *in camera* review of the redacted material; the government did not object.

**RECEIVED**

JUN 19 2008

Clerk
District Court
The Northern Mariana Islands

On June 9, 2008, counsel for the parties convened in chambers to discuss, among other things, the redacted information. Most of said information was found in U.S. Drug Enforcement Administration Form-6 Reports of Investigation (referred to commonly as a "DEA-6"). DEA Special Agent Michael Byerley also attended to answer questions regarding the redacted materials. The remaining redacted materials at issue pertained to the confidential source's criminal background and history of working as a confidential source in other cases.

The defendants did not object to continued concealment of internal government and DEA tracking numbers, file titles, codes, and identifiers, but argued for disclosure of the other substantive information contained in each DEA-6's "indexing" section. Special Agent Byerley explained that DEA policy mandated redaction of this section because it often contained information regarding ongoing investigations and identified persons not yet charged. The Court noted that much of the information concerned the defendants themselves, and ordered that this information be disclosed immediately.

As to the remaining information, the court hereby ORDERS AS FOLLOWS:

1. That the remaining substantive information contained in the indexing sections of each DEA-6 shall be disclosed to defendants no later than three weeks prior to trial if the subjects of that information have not been indicted, *unless* the government can demonstrate that said disclosure would jeopardize the safety of an informant or a witness;

2. That all information regarding the confidential informant, including his history of working with local or federal law enforcement, be disclosed promptly upon the government's verification that said disclosure will not compromise any ongoing and

1 | unrelated investigation. Specific information regarding ongoing and unrelated
2 | investigations need not be disclosed.
3 |
4 | DATED this 19th day of June, 2008.
5 |
6 |
7 | _____
  | ALEX R. MUNSON
8 | Chief Judge
9 |
10 | APPROVED AS TO FORM:
11 |
12 |
13 | _____
  | BRUCE BERLINE, ESQ.
14 | Counsel for Defendant Kalen
15 |
16 |
17 | _____
  | DAVID G. BANES, ESQ.
  | Counsel for Defendant Sablan
18 |

3